**Eugene B. BOWLER, Plaintiff,**

v.

**State of MAINE, et al., Defendants.**

No. Civ. 00–218–B–H.

United States District Court,
D. Maine.

June 5, 2001.

———

Eugene B. Bowler, Camden, ME, pro se.

William R. Fisher, Attorney General's Of-fice, Augusta, ME, for defendants.

### ORDER ON MOTION TO DISMISS

HORNBY, Chief Judge.

The defendant's motion to dismiss is GRANTED. The Magistrate Judge specifically ordered the plaintiff to answer interrogatories on March 9, 2001. I affirmed her order on March 27, 2001. As of this date, the plaintiff still has refused to answer any of them. Apparently, his justification is that he filed in the United States Court of Appeals for the First Circuit a so-called Petition for Writ of Prohibition. (So he says; a copy was filed in this Court on April 2, 2001.)

Putting aside the doubtful merit of such a filing in the Court of Appeals on a simple discovery dispute, I observe that never has the plaintiff sought a stay of this Court's Order. Instead, he has just ignored the Order of this Court and effectively stymied efforts to prepare the case for trial. He has, therefore, "fail[ed] to obey an order to provide or permit discovery" within the meaning of Fed.R.Civ.P. 37(b)(2). Measures of relief are enumerated in that rule. Measures (A) and (B) are inappropriate given the nature of the interrogatories posed. Measure (E) does not apply, and I choose not to impose Measure (D) contempt, at this point. Under the circumstances, his continuing unjustified recalcitrance justifies the harsh sanction of dismissal under Measure (C). Accordingly, I do not address the other grounds of dismissal advanced by the defendants.

SO ORDERED.